NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRAVIS M. GLENN, | No. 25-4429 |
| Plaintiff - Appellant, | D.C. No. 2:24-cv-00184-TL |
| v. | |
| AMERICO FINANCIAL LIFE AND ANNUITY INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Tana Lin, District Judge, Presiding

Submitted July 15, 2026[**]

Before: BERZON, NGUYEN, and OWENS, Circuit Judges.

Travis M. Glenn appeals pro se from the district court's (1) dismissal of his Second Amended Complaint ("SAC") without leave to amend, and (2) denial of his motion for a preliminary injunction as moot. As the parties are familiar with

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the facts, we do not recount them here. We have jurisdiction under 28 U.S.C § 1291, and we affirm.

1. The district court properly dismissed Glenn's claim relating to Americo's failure to send him tax documents for lack of standing. Glenn alleged that Americo's failure to send him tax information "has the potential to cause financial harm." But to confer standing, an injury must be "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted).

2. Glenn fails to state a claim in connection with Americo's alleged violation of COVID-19 guidelines. To avoid dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs must allege "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Glenn alleged that Americo's "disregard for COVID-19 guidelines led to the termination of client policies" leading to "financial losses . . . through chargebacks and lost commissions." But he failed to explain what financial losses he incurred, how the chargebacks worked, and how they were related to Americo's "disregard" for COVID-19 guidelines. His "[v]ague and conclusory allegations" are not sufficient to avoid dismissal. *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

3. The district court properly dismissed Glenn's claims for unlawful termination, malicious and unfair business practices, breach of contract, and whistleblower violations for failure to state a claim. Glenn fails to cite any statutes under which his termination without 120 days of notice is unlawful. Though he alleges he was terminated without due process or opportunity to appeal, and that he lost his book of business, Glenn fails to cite any applicable statutes or cognizable legal theories demonstrating that he was entitled to notice, opportunity to appeal, or reimbursement for the cost of acquiring his clients. He has therefore failed to state a claim for unlawful termination or malicious and unfair business practices. In addition, Glenn claimed that Americo did not disclose which bank account his commissions were paid into. But he does not allege that this breached any contractual duty, or that he himself performed his obligations under any contract. *See, e.g., P.E.L. v. Premera Blue Cross,* 540 P.3d 105, 115 (Wash. 2023) ("A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant."). Finally, while Glenn claims whistleblower violations, he fails to allege that his termination occurred after he made any complaints.

4. The district court did not abuse its discretion in denying leave to amend. Although leave to amend should be given freely, a district court may dismiss without leave to amend where amendment would be "futile." *Cervantes v.*

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Glenn had opportunities to amend his complaint, and the district court previously provided him with notice of the deficiencies in the complaint. We agree with the district court that further amendment would be "futile." *Id.*

5. Because Glenn's opening brief does not mention the district court's denial of his motion for a preliminary injunction, any objection to that order is waived. *See United States v. Seschillie*, 310 F.3d 1208, 1217 (9th Cir. 2002) ("Generally, arguments not raised in the opening brief are deemed waived."). Furthermore, to obtain a preliminary injunction, a plaintiff must show "a strong likelihood of success on the merits." *Harris v. Bd. of Supervisors, Los Angeles Cnty.*, 366 F.3d 754, 759 (9th Cir. 2004). As discussed above, Glenn's complaint was properly dismissed, so he could not show a strong likelihood of success on the merits. The district court properly denied his motion for a preliminary injunction.

**AFFIRMED.**